A. H. Trafford v. Commissioner.
A. H. Trafford v. Commissioner
Docket Nos. 21159 and 25356.
United States Tax Court
1950 Tax Ct. Memo LEXIS 206; 9 T.C.M. (CCH) 392; T.C.M. (RIA) 50117; April 28, 1950
*206 Harry E. Gaylord, Esq., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: These consolidated proceedings involve deficiencies determined against petitioner in income tax for the years 1945, 1946, and 1947 in the respective amounts of $2,253, $3,235.77, and $490.69. The question is whether petitioner is taxable on the entire amount of his earnings as a real estate salesman, only a part of which was reported by him as taxable by reason of partnership returns reporting a part of the income as the distributable share of petitioner's wife. Findings of Fact Petitioner is an individual with office at Cocoa, Florida, engaged in the real estate business. During the taxable years he was a real estate salesman in the office of A. R. Trafford, Realtor. A. R. Trafford is the father of petitioner. Petitioner was paid one-half the commissions on the sales which he handled. Petitioner was married August 24, 1940, to Margot A. Trafford. At that time his financial condition was not good. For a period of several years prior to the taxable years petitioner's income was approximately $1,500 for 1940, $2,000 *207 to $2,100 for 1941, $1,900 for 1942, $1,500 to $1,600 for 1943, and $7,700 for 1944. Petitioner's wife was about twenty-six years old at the time of their marriage. She had studied law and psychology, had worked in the daytime and gone to school at night, and had studied law under an attorney for whom she worked. She had attended the University of Chicago and the Kent College of Law. She worked in law offices for about five or six years. In 1943 she was employed by the Clerk's Office of the City of Cocoa at a salary which ran in the neighborhood of $1,200 and was increased to between $1,500 and $1,600. During the taxable years petitioner was a licensed real estate salesman. His wife had no license to engage in the real estate business. Petitioner's wife would not have been permitted to solicit listings or to negotiate sales or rentals. These activities were carried on entirely through petitioner. Petitioner's wife assisted petitioner by entertaining guests in their home, sometimes fifteen or twenty, and during the holidays up to seventy-five and a hundred. The guests entertained by petitioner and his wife were friends and people that were down for the winter that they made acquaintance *208 with or wanted to make acquaintance with. Petitioner's wife would also occasionally go to the office of A. R. Trafford in the evenings and type letters for petitioner, help decorate windows of the office, and aid in the preparation of advertisements. She was not employed by A. R. Trafford; she never sold any property for him; and she was not paid any commissions. Commissions received by petitioner from his father were deposited in a bank in a joint account of petitioner and his wife. The wife also pooled her earnings with those of petitioner. Petitioner and his wife jointly purchased an apartment house to use as a home and for income. They lived in one apartment and rented out the other. This house cost $8,000. Petitioner and his wife gave a note and mortgage jointly in the amount of $6,000 to cover part of the purchase price. For the years 1945, 1946, and 1947, petitioner filed partnership returns of income in the names of himself and his wife. In the return for 1945 gross income in the amount of $14,857.89 was shown, consisting of commissions in the aggregate amount of $14,267.89 and rents in the amount of $590, and deductions were taken for interest, office expense, taxes, and *209 janitor expenses totaling $987.81. In the return for 1946 gross income in the amount of $23,366.07 was shown, consisting of commissions in the amount of $23,236.07 and rents in the amount of $130. Repairs, interest, taxes, expenses, and depreciation were deducted in the total amount of $1,149.27. In the return for 1947 gross income in the amount of $4,469 was shown, consisting of commissions in the amount of $4,394 and interest in the amount of $75. There was no partnership between petitioner and his wife relating to the brokerage commissions earned by petitioner and the net income reported in the partnership returns for said years is includible in petitioner's individual income tax returns as determined by respondent. Opinion Whether any part of the sums earned by petitioner could become the proper subject of a partnership agreement so as to relieve him from taxation thereon, see , need not be determined here. There is no evidence whatever from which it can be gathered that there ever was a partnership between petitioner and his wife or that there was ever any intention to operate any business in partnership. . *210 No partnership agreement is referred to; there is no suggestion of any voice by the wife in the operation of the business; nor in fact any satisfactory evidence of participation and control either of the business activities or of its proceeds. The evidence shows that the activities which led to the earning of the income were carried on by petitioner exclusively and could not have been participated in by the wife. The contention is not advanced by petitioner that some part of the income in question resulted from the operation of jointly-owned property, rather than from the prosecution of his real estate activity. In any event, however, the small amount of rental income shown in two of the years is more than offset by deductions which for all that appears were related expenses resulting in no adequate proof that any net income from rents is in controversy. Decision will be entered for the respondent.